IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MISCELLANEOUS NO.: 16-MC-27

IN RE: 99,337 PIECES OF NATIVE AMERICAN STYLE JEWELRY, AIN:16-FBI-000718,
72,620 PIECES OF NATIVE AMERICAN STYLE JEWELRY, AIN:16-FBI-000738,
21,249 PIECES OF NATIVE AMERICAN STYLE JEWELRY, AIN:16-FBI-000745,
$288,738.94 IN FUNDS FROM BANK OF AMERICA ACCOUNT NO.-3826,
AIN:15-FBI-000772.

**JOINT MOTION TO EXTEND TIME TO FILE COMPLAINT FOR FORFEITURE
AND/OR TO OBTAIN INDICTMENT ALLEGING FORFEITURE**

The United States and Claimants Jawad T. Khalaf, Sterling Islands, Inc., Nashat Khalaf, Romie Salem and Turquoise Network represented by counsel, ("the Parties"), as authorized by 18 U.S.C. § 983(a)(3)(A), move the Court to extend the time in which the United States is required to file a complaint for forfeiture and/or to obtain an indictment alleging forfeiture from April 12, 2016 to July 11, 2016 regarding the property listed in the caption to which claims have been filed by claimants in Federal Bureau of Investigation (FBI) nonjudicial civil forfeiture proceedings.

The United States represents to the Court as follows:

1. All of the written notice of intent to forfeit required by 18 U.S.C. § 983(a)(1)(A) to be sent by the DEA to interested parties has been sent.

2. The time has expired for any person to file a claim to the property under 18 U.S.C. § 983(a)(2)(A)-(E).

3. No other person has filed a claim to the property as required by law in the nonjudicial civil forfeiture proceeding.

A proposed Order Extending Time is attached to this Motion.

## MEMORANDUM

18 U.S.C. § 983(a)(3)(A)-(C) state:

(A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

(B) If the Government does not –
    (i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
    (ii) before the time for filing a complaint has expired –
        (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
        (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

(C) In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

On October 28, 2015, the FBI and United States Fish and Wildlife Service (USFWS) seized 99,337 pieces of Native American style jewelry from the Sterling Islands business in Albuquerque, New Mexico. *See* Attachment 1.

On October 28, 2015, the FBI and USFWS seized 72,620 pieces of Native American style jewelry from the A1 Zuni Global Jewelry business in Gallup, New Mexico. *See* Attachment 2.

On October 29, 2015, the FBI and USFWS seized 21,249 pieces of Native American style jewelry from Mohammed Quraishi in Albuquerque, New Mexico. *See* Attachment 3.

On October 28, 2015, the FBI and USFWS seized $288,738.94 in funds from Bank of America account no.-3826 in Albuquerque, New Mexico.

On January 21, 2016, Jawad T. Khalaf and Sterling Island, Inc. filed claims to certain property in FBI nonjudicial civil forfeiture proceedings against the property. The claims filed included Asset ID Numbers: 16-FBI-000772 and 16-FBI-000718.

On January 20, 2016, Nashat Khalaf filed claims to certain property in FBI nonjudicial civil forfeiture proceedings against the property. The claims filed included Asset ID Numbers: 16-FBI-000745, 16-FBI-000738, and 16-FBI-000718.

On January 22, 2016, Romie Salem and Turquoise Network filed claims to certain property in FBI nonjudicial civil forfeiture proceedings against the property. The claims filed included Asset ID Numbers: 16-FBI-000718.

Under 19 U.S.C. § 1608 and § 1610, upon the filing of that claims, the seizing agency transmitted the claims to the United States Attorney for the purpose of initiating a judicial forfeiture action against the property.

Under 18 U.S.C. § 983(a)(3)(A)-(C), unless the time is extended by the Court for good cause or upon agreement of the parties, the United States is required to file a complaint for forfeiture against the property and/or to obtain an indictment alleging that the property is subject to forfeiture no later than April 19, 2016 for claims filed on January 20, 2016, no later than April 20, 2016 for claims filed on January 21, 2016, and no later than April 21, 2016 for claims filed on January 22, 2016. If the United States fails to do so, it is required to release the property and may not take any further action to effect the civil forfeiture of the property in connection with the underlying offense.

The parties have agreed to extend the time until July 20, 2016.

## Conclusion

Based upon the Agreement of the Parties to extend the time, the Parties respectfully request that the Court extend the period in which the United States is required to file a complaint against the property and/or to obtain an indictment alleging that the property is subject to forfeiture until July 20, 2016.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed April 15, 2016*
STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

APPROVED BY:

   *Approved via email and telephone 4/15/2016*
Mark Baker, Esq.
Attorney for Jawad T. Khalaf and Sterling Islands
Pelfer, Hanson and Mullins, P.A.
20 First Plaza Center NW
Suite 725
Albuquerque, NM 87102
(505)

   *Approved via email 4/13/2016*
Amber Fayerberg, Esq.
Attorney for Nashat Khalaf
Freedman Boyd Hollander Goldberg Urias &Ward P.A.
20 First Plaza Center NW
Suite 700
Albuquerque, NM 87102
(505) 842-0761


   *Approved via email 4/14/2016*
Raymond G. Sanchez, Esq.
Attorney for Romie Salem and Turquoise Network
P.O. Box 1966
Albuquerque, NM 87103
(505) 247-4321

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of April, 2016, I served the foregoing by mail:

Mark Baker, Esq.
Attorney for Jawad T. Khalaf and Sterling Islands
Pelfer, Hanson and Mullins, P.A.
20 First Plaza Center NW
Suite 725
Albuquerque, NM 87102

Amber Fayerberg, Esq.
Attorney for Nashat Khalaf
Freedman Boyd Hollander Goldberg Urias &Ward P.A.
20 First Plaza Center NW
Suite 700
Albuquerque, NM 87102

Raymond G. Sanchez, Esq.
Attorney for Romie Salem and Turquoise Network
P.O. Box 1966
Albuquerque, NM 87103

　　　　　/s/
STEPHEN R. KOTZ
Assistant U.S. Attorney